FILED

2015 JAN -6 PM 2:55

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINA TURNER, on behalf of herself and all others similarly situated,

Plaintiff,

v.

GLOBAL TRAVEL INTERNATIONAL, INC.,

Defendant.

Case No. 6:15-CV-13-ORL-41-KRS

**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT**

Plaintiff, Christina Turner ("**Plaintiff**"), individually and on behalf of all others similarly situated, sues Defendant, Global Travel International, Inc. ("**GTI**" or "**Defendant**"), and alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

**NATURE OF ACTION**

1. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from the illegal conduct of Defendant in negligently or knowingly and/or willfully placing calls to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone-dialing system without their prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("**TCPA**").

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over this matter because Plaintiff's claims arise from violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, which is a law of the United States. This Court also has original jurisdiction under 28

U.S.C. § 1332(d)(2) because the matter in controversy exceeds $5,000,000, as each putative Class Member is entitled to $500.00 per call negligently placed in violation of the TCPA, or $1,500.00 per call knowingly and/or willfully placed in violation of the TCPA, exclusive of attorney fees, pre-judgment interest, and costs, and is a class action in which Plaintiff is a citizen of a state different from Defendant.

3. Under 28 U.S.C. §§ 1391, venue is proper in the Middle District of Florida (Orlando Division) because many of the acts giving rise to this action occurred in this District, Defendant conducts business in this District, and has intentionally availed itself of the laws and markets within this District.

## PARTIES

4. Plaintiff, Christina Turner, was at all times relevant to this matter a resident of the state of Nevada, residing in Henderson, Clark County, Nevada.

5. Defendant, Global Travel International, Inc. ("**GTI**"), is a Florida profit corporation. At all times relevant to this matter, GTI was a citizen of the state of Florida with a principal place of business and corporate headquarters in Maitland, Orange County, Florida. Defendant is a travel agency and provider of a "home-based business opportunity" to independent travel agents.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, *et seq.*

6. The TCPA, 47 U.S.C. §§ 227, *et seq.*, was enacted by Congress in 1991 to address consumer complaints about rampant telemarketing practices.

7. Section 227(b)(1)(A)(iii) bans the use of an autodialer to place telephone calls to cellular telephones unless the consumer has provided prior written consent to receive such calls, or the calls are placed for emergency purposes.

8. According to the Federal Communications Commission, the agency authorized by Congress to regulate compliance with the TCPA, the placement of unwanted calls to cellular telephones can be intrusive and costly for consumers.

**FACTUAL ALLEGATIONS**

9. At all relevant times, Plaintiff was an individual residing in the state of Nevada. She is a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff was a Red Pocket Mobile subscriber and holder of her cellular telephone number from approximately October 2013 to October 2014. In November 2014, she became an Ultra Mobile subscriber and ported her cellular telephone number from her previous mobile carrier.

11. In May 2014, Defendant began placing calls to Plaintiff's cellular telephone, wherein a pre-recorded voice states that the calls are from Global Travel International, and prompts her to press a specific button to speak to someone regarding a $100 coupon.

12. Plaintiff did not provide her cellular telephone number to Defendant, nor did Plaintiff ever provide express consent for Defendant to place calls to her cellular telephone.

13. In May 2014, Plaintiff requested that Defendant remove her cellular telephone number from its database and cease calling her.

14. Despite Plaintiff's request, Defendant continued calling Plaintiff's cellular telephone and has placed approximately thirty (30) calls to her.

15. Notwithstanding the fact that Plaintiff did not provide Defendant with her cellular telephone number or prior express consent to call her, and requested that Defendant cease calling her, Defendant used an automatic telephone-dialing system, as described in 47 U.S.C. § 227(a)(1), to place the aforementioned calls to Plaintiff and putative Class Members.

16. The telephone number Defendant used to contact Plaintiff via an automatic telephone-dialing system was assigned to a cellular telephone service, as described in 47 U.S.C. § 227(b)(1)(A)(iii).

17. The pertinent calls were not placed for emergency purposes, as defined in 47 U.S.C. § 227(b)(1)(A).

18. Defendant's placement of calls using an automatic telephone-dialing system for non-emergency purposes and without Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

19. In accord with the TCPA and the FCC's January 4, 2008 Declaratory Ruling, Defendant must demonstrate that Plaintiff provided and/or did not revoke prior express consent to receive calls on her cellular telephone within the meaning of the TCPA.

## CLASS ACTION ALLEGATIONS

20. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) and as detailed in the individual counts below, Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following persons ("**the Class**" or "**Class Members**"):

> All persons within the United States who, between January 5, 2011 and the present, received a non-emergency call from Global Travel International, Inc. or any of their affiliates or subsidiaries, to a cellular telephone through the use of an automatic telephone-dialing system, and who did not provide prior express consent and/or revoked consent to receive such calls.

The Class definition is subject to amendment as needed.

21. Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their Court staff, and Plaintiff's counsel.

22. Also excluded from this action are any claims for personal injury, wrongful death and/or emotional distress. Members of the above-defined Class can be easily identified through Defendant's records.

**Numerosity**

23. At the time of filing, Plaintiff does not know the exact number of putative Class Members. However, the nature of Defendant's business – the worldwide sale of a "home-based business opportunity" – affirms that Class Members likely number in the thousands or hundreds of thousands, and are geographically disbursed throughout the country.

24. The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

**Predominance of Common Questions of Law and Fact**

25. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. The common legal and factual questions include at least the following:

a. whether Defendant uses an automatic telephone-dialing system to place calls to cellular telephones;

b. whether between January 5, 2011 and the present, Defendant used an automatic telephone-dialing system to place calls to the cellular telephones of Plaintiff and putative Class Members;

c. whether Defendant is subject to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*

    d. whether Defendant can show that it obtained prior express consent from Plaintiff and putative Class Members to place calls to their cellular telephones using an automatic telephone-dialing system;

e. whether Defendant's conduct violates the TCPA;

f. whether Defendant's conduct was negligent;

g. whether Defendant's conduct was knowing and/or willful;

h. whether Defendant is liable for damages, and the amount of such damages;

i. whether Plaintiff and putative Class Members are entitled to declaratory relief;

j. whether Defendant should be enjoined from engaging in such conduct in the future; and

k. whether Plaintiff and Class Members are entitled to any other remedy.

**Typicality**

26. Plaintiff's claims are typical of the claims of the putative Class Members, as Plaintiff and Class Members have been injured by Defendant's uniform misconduct – the placement of calls to cellular telephones for non-emergency purposes and without prior express consent.

27. Plaintiff shares the aforementioned facts and legal claims and/or questions with all putative Class Members. Further, a sufficient relationship exists between Defendant's conduct and the damages sustained by Plaintiff and putative Class Members.

**Adequacy**

28. Plaintiff will fairly and adequately protect the interests of putative Class Members and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving

TCPA violations. Plaintiff intends to prosecute this action vigorously, and has no interest adverse or antagonistic to those of the Class.

**Superiority**

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

a. The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

b. Absent a Class, the Class Members will continue to suffer damage and Defendant's violations of the TCPA will continue without remedy;

c. Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed and continues to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts. Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

e. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

f. No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the damages caused to them by Defendant's uniform misconduct;

g. The litigation and trial of Plaintiff's claims are manageable;

h. Defendant has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class by placing calls to their cellular telephones for non-emergency purposes and without their prior express consent, rendering just and appropriate final injunctive relief for the Class; and

i. Because Plaintiff seeks injunctive relief and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendant. Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action. As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair or impede their ability to protect their respective interests. Consequently, class treatment is a superior method for adjudication of the issues in this case.

## CAUSES OF ACTION

## COUNT I

**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq.***

30. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 29.

31. Without prior express consent, Defendant placed calls for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called.

32. The foregoing acts constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

33. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class Members are entitled to an award of $500.00 in statutory damages for each and every non-emergency call placed in violation of the TCPA.

34. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

35. Plaintiff and Class Members are also entitled to an award of attorney fees and costs.

## COUNT II

**Knowing and/or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq.***

36. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 29.

37. Without prior express consent, Defendant placed calls for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called.

38. The foregoing acts constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. §§ 227, *et seq.*

39. Pursuant to 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every non-emergency call placed in violation of the statute.

40. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

41. Plaintiff and Class Members are also entitled to an award of attorney fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendant:

A. $500.00 in statutory damages for each and every call negligently placed by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

B. $1,500.00 in statutory damages for each and every call willfully and/or knowingly placed by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C. Injunctive relief prohibiting future violations of the TCPA;

D. An award of attorney fees and costs to counsel for Plaintiff's counsel;

E. An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23, certifying the Class defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

F. Any additional relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts triable by jury.

Dated: January 5, 2015

Respectfully submitted,

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

/s/ Jonathan B. Cohen
Jonathan B. Cohen (Florida Bar No. 0027620)
John A. Yanchunis (Florida Bar No. 324681)
Rachel Soffin (Florida Bar No. 018054)
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jcohen@forthepeople.com
jyanchunis@forthepeople.com
rsoffin@forthepeople.com

*Attorneys for Plaintiff*